NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TATIANA FLORES-ASUZENA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1717

Agency No.
A205-879-100

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

Tatiana Estefany Flores-Asuzena, a native and citizen of El Salvador,

petitions for review of an order of the Board of Immigration Appeals dismissing

her appeal of an immigration judge's denial of her applications for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Before the agency, Flores-Asuzena claimed to fear persecution on the basis of her membership in the proposed particular social group of "Salvadoran women opposed to cooperation with gangs." The immigration judge denied relief on the grounds that (1) the proposed group is not cognizable because it lacks particularity and social distinction and (2) Flores-Asuzena did not establish any nexus between her feared persecution and her membership in that proposed group. The Board affirmed on both grounds.

Before this court, Flores-Asuzena argues that her proposed group is cognizable. But she mentions the Board's finding of a lack of nexus only in passing, and she presents no argument challenging it. Her failure to adequately address that issue is sufficient reason to deny her petition. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

Flores-Asuzena suggests in passing that she faces persecution on the basis of her political opinion and religion. She did not raise either theory before the Board. Because those theories were not exhausted, we do not consider them. *See* 8 U.S.C. § 1252(d)(1).

**PETITION DENIED.**